IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Civil Case No.

| | |
|---|---|
| **GLOBAL LOCATING SERVICES INTELLECTUAL PROPERTY LLC,** a Pennslyvania limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**TRACKIMO INC., a Delaware corporation,**<br><br>　　　　　Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT (U.S. PATENT NO.** 10,165,052)<br><br>***<br><br>**JURY TRIAL DEMANDED** |

　　　This is an action for patent infringement in which Global Location Services Intellectual Property LLC ("Global Locations" or "Plaintiff") makes the following allegations against Trackimo INC. ("Trackimo" or "Defendant"). Headings are interposed for convenience; all allegations are deemed incorporated into each ground of this complaint as though separately re-alleged and are based upon investigation made by Plaintiff's attorney and on information and belief as follows:

## PARTIES

　　　1.　　Plaintiff Global Locations is a Pennsylvania limited liability company, with its principal place of business located at 1229 Laurel Oak Lane, York, PA 17403.

2. Defendant Trackimo, is, on information and belief, a Delaware corporation with a place of business at 450 Seventh Ave., Suite1408, New York, NY 10123.

**JURISDICATION AND VENUE**

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or New York's Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in New York City and in this Judicial District; and having a regular and established

place of business in this Judicial District. At the least, Defendant has subjected itself to this Court's specific and general personal jurisdiction by holding itself out as conducting business in this forum. By way of example, Defendant has its head quarters at 450 Seventh Ave., Suite 1408, New York, NY 10123.

## COUNT I

### Infringement of U.S. Patent No. 10,165,052

6. Plaintiff is the owner by assignment of United States Patent No. 10,165,052 ("the '052 Patent") titled "Identification Device System And Method." The '052 Patent reissued on September 14, 2010. A true and correct copy of the '052 Patent is attached as Exhibit A.

7. Upon information and belief, including by reason of Defendant's own statements in Defendant's own website, and by reason of product examination, Defendant directly or through intermediaries has been and is now infringing the '052 Patent in the State of New York, in this judicial district, and elsewhere in the United States, by making, using, providing, supplying, distributing, selling, and/or offering for sale products, including its Trackimo 3G Travel Tracker Device with

light detector and similar type assemblies, comprising a travel tracking device that infringes one or more claims of the '052 Patent and particularly, e.g., claims 1 through 3, 6 through 13, 16 through 19 and 22 of the '052 Patent. The '052 Patent reads on Trackimo's 3G Travel Tracker Device as set forth in the exemplary claims chart attached as Exhibit B, depicting an actual Trackimo product compared to claims of the '052 Patent.

8. Defendant sells and/or authorizes the sale of these infringing products at least via its website at www.trackimo.com, that has a physical presence and does business in New York, New York and via at least one additional online seller, Amazon.com.

9. Upon information and belief and in view of the foregoing, Defendant has been and is continuing to directly infringe, literally infringe, and/or infringe the '052 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '052 Patent pursuant to 35 U.S.C. § 271.

10. As a result of Defendant's infringement of the '052 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a

reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '052 Patent, Plaintiff will be greatly and irreparably harmed.

## **DEMAND FOR JURY TRIAL**

Technical LED, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed and is infringing the '052 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement,

inducing the infringement of, or contributing to the infringement of '052 Patent, or such other equitable relief the Court determines is just and proper;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, attorneys fees, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement and willful infringement of the '052 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

Respectfully submitted this 10th day of May, 2019.

/s/Louis M. Heidelberger
Louis M. Heidelberger
NY Bar No. 4763157
**THE LAW OFFICES OF LOUIS M. HEIDELBERGER, ESQ. LLC**.
**1229 Laurel Oak Lane**
**York, PA 17403**
Tel: (215)-284-8910
Fax: (267)-388-3996
Email: Louis.heidelberger@gmail.com
**ATTORNEY FOR GLOBAL LOCATING SERVICES INTELLECTUAL PROPERTY LLC.**